**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

STEVE SCOTT BADER
ADC #96787                                                                                              PLAINTIFF

V.                                            2:05CV00003 WRW/HDY

MARTIN PADILLA                                                                                      DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

      The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this *pro se* complaint (docket entry #1) pursuant to 42 U.S.C. § 1983, on January 6, 2005. Defendant has now filed a motion for summary judgment (docket entry #37), along with a brief in support (docket entry #38), asserting, inter alia, that Plaintiff failed to exhaust his administrative remedies. Plaintiff has filed a response (docket entry #50). Because the Court concludes that Plaintiff' complaint should be dismissed due to his failure to fully exhaust his administrative remedies, it need not reach Defendant's other arguments.

### I. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analyis

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the Plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam). The Prison Litigation Reform Act "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Plaintiff alleges that he was written a prescription for sunglasses to help control his adverse reaction to the sun. According to Plaintiff, Defendant prevented the sunglasses from being delivered to him. Plaintiff indicates that Defendant's actions occurred in the spring of 2004. Defendant identifies three grievances Plaintiff attempted to exhaust in 2004: EA 04-718, EA 04-737, and GR 03-4877. EA 04-718 concerned how an informal resolution form was allegedly not answered. EA 04-737 concerned jail time credit a judge supposedly granted to him, and GR 03-4877 alleged a Ms. Gates was blocking his access to the courts, and not fulfilling his request to copy photos of his victim

to be included in his appeal (Def.'s Brief, exhibit A). None of the grievances appear to reference Padilla. Plaintiff did file a grievance on November 29, 2004, referencing Padilla's alleged actions, but a note from grievance officer D. Lockhart indicated that the grievance was being returned because Plaintiff failed to follow the proper procedure. That note informed Plaintiff that he could resubmit the grievance on the proper form with the original informal resolution (Def.'s Brief, exhibit B). Plaintiff apparently did not resubmit the grievance. In his response to Defendant's motion, Plaintiff failed to identify any grievance he exhausted that outlined his complaints regarding Padilla's alleged actions. Accordingly, it is clear that Plaintiff has failed to fully exhaust his claims against Padilla before commencing litigation. Because Plaintiff failed to fully exhaust his administrative remedies before he filed his lawsuit, his claims should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment (docket entry #37) be GRANTED, and that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __28__ day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE